## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL PETROMARINE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-0189-CV-W-FJG |
| | ) | |
| G.T. SALES & MANUFACTURING, INC., | ) | |
| d/b/a HEWITT, U.S.A. | ) | |
|     Defendant/Third-Party Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| HBD INDUSTRIES, INC. | ) | |
|     Third-Party Defendant. | ) | |

## ORDER

Currently pending before the Court is Defendant/Third-Party Plaintiff's Motion to Amend Scheduling Order (Doc. No. 165). Defendant/Third-Party Plaintiff G.T. Sales & Manufacturing, Inc. ("Hewitt") requests to amend the Scheduling Order as follows: (a) setting a new deadline for the filing of dispositive motions (at least as to third-party defendant HBD Industries); (b) suspending all deadlines and dates set in the current scheduling order; and (c) in the event that summary judgment is not granted to HBD, setting new deadlines for each of those actions that, under the scheduling order, were due to be accomplished on or after January 18, 2008.

Hewitt filed a summary judgment motion against plaintiff Global Petromarine on all of plaintiff's claims and against HBD in which Hewitt requested a ruling that it was entitled to indemnification from HBD as a matter of law. On March 12, 2008, the Court denied Hewitt's motion for summary judgment against Global and HBD. The Court held that Hewitt was not entitled to indemnification from HBD under Missouri law (Doc. No. 162). Thereafter, Hewitt and Global filed a Stipulation of Dismissal on March 28, 2008 stating that

the parties have agreed to a stipulation of dismissal with prejudice (Doc. No. 166).

Despite the Court's ruling on Hewitt's summary judgment motion, Hewitt argues that the Court's Order may not have disposed of Hewitt's claims against HBD since HBD did not file a summary judgment motion on this issue. Hewitt notes that the Court denied Hewitt summary judgment on the indemnification claim, but it did not grant judgment in HBD's favor. Hewitt also asserts that it still has claims pending against HBD and that it is entitled to seek indemnification from HBD under a breach-of-express warranty theory. Further, Hewitt requests a reconsideration of the Court's ruling and contends that the Court should have applied North Carolina law. Finally, Hewitt wishes to recover against HBD based on its settlement with Global and seeks to assert new claims against HBD under "vouching in" principles.

HBD responds that this Court disposed of all claims by Hewitt against HBD as a matter of law in the Court's Order dated March 12, 2008 (Doc. No. 162). HBD notes that the only relief sought by Hewitt in its Third Party Complaint was indemnification (Doc. No. 28). Thus, since the Court already determined that Hewitt was not entitled to indemnification, HBD argues it is unnecessary to reset the scheduling order deadlines in this matter.

The Court hereby clarifies its ruling on Hewitt's motion for summary judgment dated March 12, 2008 (Doc. No. 162) as having disposed all of Hewitt's claims against HBD. The Court found that Hewitt was not entitled to indemnification from HBD under any theory of indemnification whether based upon implied or express indemnification, including based upon a breach of warranty theory. Hewitt **only** asserted one claim against HBD in its Third-Complaint which was a claim for indemnification (Doc. No. 28). Hewitt stated in its

2

Case 4:06-cv-00189-FJG   Document 172   Filed 04/11/08   Page 2 of 4

Complaint that HBD was "obligated to indemnify and hold harmless Defendant from any such claims, and all such costs, fees, expenses and damages related thereto, because HBD designed, manufactured, tested, packaged, and shipped the subject hoses." (See ¶6, 7, 8, 10, Doc. No. 28). When the Court found that Hewitt was not entitled to indemnification, the Court disposed all of Hewitt's claims against HBD and granted judgment in HBD's favor. Additionally, the Court finds it is a waste of judicial resources to have HBD file a dispositive motion on the indemnification issue because this issue has already been determined.

Further, it appears that Hewitt seeks to assert new claims against HBD based upon Hewitt's settlement with Global under "vouching in" principles. However, the deadline to amend pleadings in this matter was on September 5, 2006 per the Court's Scheduling Order (Doc. No. 164). Thus, the deadline to add new claims has long since passed.

Lastly, the Court will not reconsider its decision to apply Missouri law. The Court notes that Hewitt did not argue for application of North Carolina in its opposition to HBD's motion for partial summary judgment (Doc. No. 66). In fact, Hewitt argued that the place of contracting between Hewitt and HBD (Missouri) is a relatively significant contact given the issues in this case. Hewitt stated "among the five factors...one (the place of contracting) **strongly favors Missouri**, and the other four do not favor either Missouri or North Carolina, with respect to the particular issue involved in this case." (Doc. No. 66)(emphasis added). The Court agreed with Hewitt and adopted its arguments in ruling that Missouri applies because the place of contracting was a significant factor (Doc. No. 85). Since Hewitt's indemnification claim involved the effectiveness and validity of contract terms, the Court found that the place where the contract was formed (Missouri) bears the

3

most significant relationship to the contract (Doc. No. 85).  After receiving an unfavorable ruling from the Court, Hewitt now wishes to change its position and argues that North Carolina law should have been applied.   The Court will not switch to application of North Carolina law simply because Hewitt does not agree with the result.

Accordingly, for the foregoing reasons, Defendant/Third-Party Plaintiff's Motion to Amend Scheduling Order (Doc. No. 165) is **DENIED AS MOOT** because Third-Party Plaintiff's claim for indemnification against Third-Party Defendant was disposed of on summary judgment per the Court's ruling on March 12, 2008 (Doc. No. 162).

**IT IS SO ORDERED.**

Date:  4/11/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge