IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLOBAL PETROMARINE,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )    No. 06-0189-CV-W-FJG |
| G.T. SALES & MANUFACTURING, INC.,<br>d/b/a HEWITT, U.S.A.<br>    Defendant/Third-Party Plaintiff,<br>vs. | )<br>)<br>)<br>)<br>)<br>) |
| HBD INDUSTRIES, INC.<br>    Third-Party Defendant. | )<br>) |

### ORDER

Pending before the Court is Third-Party Defendant HBD Indusries, Inc.'s dual Motions to Strike Affidavit of William Lesser (Doc. Nos. 205, 208). Third-Party Plaintiff Hewitt offers Lesser's Affidavit in support of Hewitt's Suggestions in Opposition to HBD's Motion for Partial for Summary Judgment (Doc. No. 198) and Hewitt's Motion for Partial Summary Judgment (Doc. No. 206).

### I.     BACKGROUND

This case involves the sale of 17 petroleum hoses manufactured by HBD to Hewitt, and a subsequent sale transaction between Hewitt to Plaintiff Global Petromarine. Global then sold the hoses to Syrian Crude Oil Transportation Company ("SCOTRACO"), a non-party, which used to hoses to submarine Syrian crude oil to ships. Soon thereafter, SCOTRACO claimed the hoses failed because of manufacturing defects and sought relief from Global. Global turned to Hewitt for relief from the losses arising from the manufacturing defects, and Hewitt and Gobal eventually settled Global's claim. Presently, Hewitt seeks indemnity from HBD based

upon a theory of breach of warranty.

William (Bill) Lesser is the Hewitt employee that negotiated the commercial transactions and contracts between Hewitt and HBD and Hewitt and Global. Lesser was deposed as corporate representative for Hewitt on January 23, 2007, and on May 3, 2010, he supplied an Affidavit to Hewitt in support of its indemnity claim against HBD. HBD has filed a Motion to Strike Lesser's Affidavit on the ground that Lesser's factual assertions in his Affidavit contradict his prior deposition testimony, and, therefore, the Affidavit creates sham issues of fact in an attempt to avoid summary judgment.

## II.     LEGAL STANDARD

The Eighth Circuit emphasizes the importance of not taking genuine issues of fact from the jury; however, a party should not be permitted to create issues of credibility by contradicting his own earlier testimony to avoid summary judgment. American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc., 114 F.3d 108, 111 (8th Cir. 1997). "Ambiguities and even conflicts in a deponent's testimony are generally matters for the jury to sort out, but a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." Id.

When considering a subsequently filed affidavit that is contradictory to prior testimony, summary judgment is appropriate "where the conflicts between the deposition and the affidavit raise only sham issues." City of St. Joseph, Mo. v. Southwestern Bell Telephone, 439 F.3d 468, 476 (8th Cir. 2006) (citing Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (9th Cir. 1983)). But, for instance, where the affiant states he was confused or needs to explain portions of his deposition testimony that were unclear, the affidavit should not be stricken. See

id. Further, where the affiant's affidavit does not actually contradict his earlier testimony, the district court should not strike the affidavit from the record. Id. (citing Bass v. City of Sioux Falls, 232 F.3d 615, 618 (8th Cir. 1999)).

**III. DISCUSSION**

HBD moves to strike Lesser's Affidavit because Lesser asserts that (1) a warranty existed between HBD and Hewitt based on HBD's manufacture of the hoses in compliance with the "OCIMF" industry standards,[1] and (2) that the express, limited, two-year prorated warranty that HBD provided to Hewitt "passed through" or could be reissued to Global such that it would create a duty owed by HBD to Global. In addition, HBD argues that Lesser lacks the requisite personal knowledge to testify in relation to HBD's alleged understanding of various issues surrounding the transactions.

    A.    Existence of "OCIMF Warranty"

Lesser states in his Affidavit that "HBD consistently described the hoses being sold by it as 'OCIMF' submarine petroleum hoses" and asserts that Hewitt and HBD both understood that "such a description constituted an affirmative representation that the hoses (when sold) would comply with all of the standards relative to design, manufacture and testing applicable to the hoses under the 'OCIMF.'" (Lesser Aff. ¶¶ 6-7, Doc. No. 205-1).[2] Lesser also states that at the time of his deposition he understood that "HBD was issuing an express warranty that the two

---

[1] "OCIMF" is the Oil Companies International Marine Forum Guide to Purchasing Manufacturing and Testing of Loading and Discharge Hoses for Offshore Moorings (4th Ed. 1991).

[2] Hewitt argues HBD's description of the goods as "OCIMF" Hoses throughout the transaction amounts to a warranty under Article 2 of the U.C.C. § 2-313; however, whether HBD's representations amount to a description of goods sufficient to constitute a warranty under the U.C.C. is a legal question outside the scope of relevant analysis, as the Court's focus is on the content of Lesser's Affidavit and his prior testimony to determine whether it amounts to a sham issue of fact where none existed before.

3

hoses would comply with the standards set forth under the OCIMF Guide." (Lesser Aff. ¶ 23, Doc. No. 205-1).

HBD challenges Lesser's assertion that a separate warranty arose with respect to HBD's compliance with OCIMF standards. HBD points to Lesser's deposition, where he testified that the only warranties HBD provided to Hewitt were the express, limited two-year prorated warranty and a 14-month warranty, but he did not identify any warranty or promise by HBD that the Hoses would comply with OCIMF standards.[3] HBD therefore claims Hewitt may not now use Lesser's Affidavit to create an issue of fact with respect to the existence of an "OCIMF warranty," where Lesser did not identify such a warranty in his prior testimony.

Lesser's deposition discusses the two modified versions of standard warranty terms –two-year, prorated and 14-month warranties- that HBD provided to Hewitt. Lesser's Affidavit does not dispute the existence or the terms of these two warranties so as to contradict his prior testimony, nor does the deposition testimony definitively exclude the possibility that an additional warranty existed in connection with the hoses as being compliant with the OCIMF Guidelines. Instead, in describing in detail his negotiation and understanding of the commercial transaction between HBD and Hewitt, Lesser states in his Affidavit that HBD consistently described the hoses it was selling to Hewitt as "OCIMF" submarine petroleum hoses, and, accordingly, he understood such description to signify a warranty that the hoses would be

---

[3] In response to the question, "In that time frame [of the transaction], when did you receive warranties from HBD that you understood were being offered to your company?" Lesser responded in relevant part, "I considered that that warranty or those two warranties that were discussed were a part of Quotation 7014 and thus were included in my purchase order to HBD." (Lesser Depo. at 88:10-89:13, Doc. No. 205-2). In response to the question, "[i]s it a fair characterization of the negotiations and communications you had with HBD that . . . you believed you had approval to use either the 14-month warranty or the two-year, prorated warranty . . .?" Lesser stated, "Yes. I believe that I had two warranties. 14-month and two-year warranty, and I also agree that we didn't have any other discussions after that." (Lesser Depo. at 264:24-265:12, Doc. No. 205-2).

4

compliant with OCIMF industry standards.  Any doubt as to Lesser's credibility may be properly contested in the pleadings and at trial; however, mere ambiguity as to Lesser's identification of a third warranty arising from HBD's compliance with OCIMF standards is a matter for the jury to sort out and surely does not give rise to a sham issue of fact requiring the Affidavit be stricken on these grounds.  See American Airlines, 114 F.3d at 111; see also Bass v. City of Sioux Falls, 232 F.3d 615, 618 (8th Cir. 1999) (finding affidavit testimony was not a sudden unexplained revision of deposition testimony and acknowledging affiant had no duty to volunteer certain information during deposition absent a question from counsel seeking such information).  Under Fed. R. Civ. P. 56, the Court need only identify sham issues of fact,  and prevent the assertion of unfounded claims offered to avoid summary judgment.  Here, the existence of a warranty under Article 2 based on HBD's representations of the goods may present a genuine issue of fact for which Lesser's affidavit lends proper support, and, therefore, shall not be stricken on these grounds.  See Southwestern Bell Telephone, 439 F.3d at 475.

      B.      Two-Year Prorated HBD Warranty

HBD argues the Affidavit attempts to create an issue of fact as to whether the warranty provided by HBD to Hewitt "passed through" or was incorporated into the contract with Global such that it created a duty from HBD to Global, where HBD's contract with Hewitt was separate from Hewitt's contract with Global.   HBD contends the Affidavit should be stricken because it confuses the two separate transactions.

HBD maintains the two separate transactions do not give rise to a duty from HBD to Global.  In his deposition, Lesser agreed with the statement that "[Y]ou [Lesser] didn't believe, when you negotiated these contracts that you were contracting for HBD to owe Global some duty and contracting with Global for them to owe HBD some duty . . . ."  (Lesser Depo. at 284:20-285:4, Doc. No. 205-2).  Lesser further testified in his

5

deposition that he believed the agreements were two separate contracts, agrees that Hewitt was the entity making the warranty to Global, and acknowledges that the prorated two-year warranty in the agreement between Hewitt and Global does not include a reference to HBD. (Lesser Depo. at 232:22-233:19, 116:19-24, 222:2-9, Doc. No. 205-2).

While Lesser does state in his Affidavit that "HBD would issue to Hewitt a set of warranty terms that would include HBD's standard warranty terms and . . . Hewitt was to issue that same set of warranty terms to the customer," the Court cannot see how Lesser actually contradicts his prior testimony, which acknowledged the existence of two separate transactions but delved little into the substance of each contract. (Lesser Aff. ¶9, Doc. No. 205-1). In addition, HBD does not identify specific statements in Lesser's Affidavit that contradict his deposition testimony or that otherwise suggest the Affidavit falsely creates an issue of fact. The extent of HBD's obligation, if any, to indemnify Hewitt based on the warranties in the commercial transactions between the parties is a crucial issue in what remains of this case; such issue is not newly created or unfounded, and is far from a sham issue of fact offered to avoid summary judgment.[3]

C. Personal Knowledge

Finally, HBD argues the Affidavit should be stricken because it is not based on Lesser's personal knowledge. Specifically, HBD claims that many of Lesser's assertions in his Affidavit relate to HBD's alleged understanding with respect to various

---

[3]As Hewitt points out, Hewitt made the same factual assertion in its previous Motion for Summary Judgment (Doc. No. 73 at p. 19), and HBD did not controvert the substance of the claim, but rather asserted its position that its agreement with Hewitt was separate from Hewitt's agreement with Global (see Doc. No. 91 at p. 3).

6

Case 4:06-cv-00189-FJG   Document 234   Filed 08/16/10   Page 6 of 7

issues, where it is impossible for Lesser to have personal knowledge of HBD's understanding unless an HBD representative informed Lesser of HBD's understanding on the particular matter.

Rule 56(e) states in relevant part that, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to all matters stated therein." Fed. R. Civ. P. 56(e). Mr. Lesser was the individual negotiating the transactions on behalf of Hewitt with both HBD and Global, thus, he is in a position to competently testify as to the understanding between the parties. As well, Lesser may draw conclusions regarding HBD's understanding on a particular matter based on HBD's conduct and treatment of the issue. Importantly, HBD has not challenged or rebutted a specific statement in Lesser's Affidavit to support its claim that Lesser lacks the requisite personal knowledge to make factual assertions about HBD's understanding of the various issues. As such, the Court finds Lesser has the requisite personal knowledge and is competent to testify as to all matters stated in his Affidavit.

## IV.   CONCLUSION

Based on the foregoing, the Court finds Lesser's Affidavit is not offered to avoid summary judgment, and Lesser possesses the requisite personal knowledge to testify as to all matters stated in his Affidavit. Accordingly, HBD's dual Motions to Strike the Affidavit of William Lesser (Doc. Nos. 205, 208) are **DENIED**.

**IT IS SO ORDERED**.

Date:  08/16/10                             **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                         Chief United States District Judge