## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| GLOBAL PETROMARINE, <br>     Plaintiff, <br><br> vs. <br><br> G.T. SALES & MANUFACTURING, INC., <br> d/b/a HEWITT, U.S.A. <br>     Defendant/Third-Party Plaintiff, <br> vs. <br><br> HBD INDUSTRIES, INC. <br>     Third-Party Defendant. | No. 06-0189-CV-W-FJG |

## ORDER

Third-Party Plaintiff G.T. Sales & Manufacturing, Inc. d/b/a Hewitt designated one of its attorneys, Leland Shurin, as an expert witness to testify as to the reasonableness of Hewitt's settlement with plaintiff Global Petromarine. Third-Party Defendant HBD Industries, Inc. subsequently moved to depose Shurin, arguing his affidavit provided insufficient information from which to evaluate the foundation and validity of his opinion (Doc. No. 230). On September 10, 2010, the Court provisionally denied HBD's Motion to Take Deposition of Leland Shurin. Instead, the Court directed HBD to file written interrogatories regarding Shurin's opinion with the Court, and directed Hewitt to file its answers and objections with the Court for review (Doc. No. 242).

It is well established that under Fed. R. Civ. P. 26(a)(2)(B) an expert affidavit must thoroughly treat the basis and reasons for the expert's conclusions in order to eliminate unfair surprise to the opposing party. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995). Particularly at issue here, is whether the answers Hewitt provided in response to HBD's interrogatories provide sufficient

additional "data or other information" that Shurin considered in forming his opinion that the settlement of Global Petromarine's claims against Hewitt in the amount of $115,000 was reasonable. Fed. R. Civ. P. 26(a)(2)(B)(ii).

Based on the Court's review of Hewitt's answers, the Court finds Shurin has provided sufficient information, data and an explanation of his rationale, from which HBD can evaluate and challenge the validity of Shurin's reasoning and conclusions. In particular, the answer to interrogatory number one (Doc. No. 244, pp. 2-11) provides a comprehensive explanation of Shurin's pragmatic considerations in reaching his conclusion. In the answer, Hewitt identifies Global's claims upon which the settlement was based, provides the evidentiary support for those claims, including expert opinions, specifies the applicable provisions of the OCIMF[1] guide upon which Global based its claims that the hoses were non-compliant, assesses the strength of Hewitt's overall case to rebut Global's claims, and explains other miscellaneous risks and considerations. Furthermore, the answer provides a calculation of percentages and dollar amounts (in low, mid and high ranges) that correlate with Global's chance of recovery and Hewitt's expected liability exposure, as well as the projected time and cost of trial preparation by Mr. Shurin, his co-counsel Mr. Stitt, and his paralegal, all of which factored in to Shurin's conclusion that a payment to Global in the amount of $115,000 was a reasonable settlement amount.

The Court notes, however, that Hewitt objected to several interrogatories on the grounds that they were outside the scope of discovery, asserting that, "this interrogatory seeks information concerning advice given by Mr. Shurin to Hewitt, in connection with a

---

[1] "OCIMF" is the Oil Companies International Marine Forum Guide to Purchasing Manufacturing and Testing of Loading and Discharge Hoses for Offshore Moorings (4th Ed. 1991). Both parties either possess or have access to the OCIMF guidelines.

2

possible settlement with Global, as to the likelihood that Global would recover from Hewitt on the entire array of Global's claims against Hewitt, whereas the opinion of Mr. Shurin as to which HBD is being allowed to pose interrogatories is addressed solely to the likelihood that Global would obtain a recovery against Hewitt on those claims described in the answer to Interrogatory No. 1 above." See e.g. Objection to Interrogatory Number 6(c) (Doc. No. 244 at 16). The claims described in the answer to interrogatory number one are those claims upon which Hewitt believes it has a right to indemnification from HBD. Yet, Shurin declined to explain what portion of the settlement with Global is attributable to claims against Hewitt that do not implicate potential liability on the part of HBD.[2] As with any expert witness, HBD may further probe and challenge the claims and reasoning upon which the settlement was based on cross-examination.

Taken as a whole, the Court concludes Shurin's affidavit (Doc. No. 227-3), supplemented with Hewitt's answers to HBD's interrogatories (Doc. No. 244) adequately meet the requirements of expert testimony under Fed. R. Civ. P. 26(b)(2). Immediately prior to issuing this Order, HBD filed a Motion for Reconsideration of the Court's Order Provisionally Denying Leave to Depose Expert Witness Shurin (Doc. No. 248). In its Motion, HBD challenges Hewitt's responses to the interrogatories as incomplete and reiterates its request to depose Shurin. Having reviewed HBD's arguments as set forth in HBD's Motion, the Court does not find any issues that are not adequately addressed in the instant Order. Accordingly, the Court affirms its decision to deny HBD leave to

---

[2] Global's Second Amended Complaint against Hewitt (Doc. No. 27) included the following claims: (I) Breach of Contract, (II) Breach of Express Warranty, (III) Breach of Implied Warranty of Merchantability, (IV) Breach of Implied Warranty of Fitness for a Particular Purpose, (V) Negligent Misrepresentation, and (VI) Rescission and Restitution.

depose Shurin and **DENIES** HBD's Motion for Reconsideration of Order Provisionally Denying Motion for Leave to Depose Expert Witness (Doc. No. 248).

**IT IS SO ORDERED.**

Date: September 29, 2010                     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             Chief United States District Judge