# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GLOBAL PETROMARINE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-0189-CV-W-FJG |
| | ) | |
| G.T. SALES & MANUFACTURING, INC., | ) | |
| d/b/a HEWITT, U.S.A. | ) | |
|     Defendant/Third-Party Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| HBD INDUSTRIES, INC. | ) | |
|     Third-Party Defendant. | ) | |

## ORDER

Pending before the Court is Third-Party Defendant HBD Industries, Inc.'s Motion to Strike Third-Party Plaintiff G.T. Sales & Manufacturing, Inc.'s Supplemental Rule 26 Disclosures (Doc. No. 255).

HBD moves to strike Hewitt's supplemental Rule 26 disclosures as untimely. This action commenced on March 2, 2006 and HBD was joined as a third-party defendant on May 2, 2006. Hewitt served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on July 26, 2006. The final deadline to complete discovery was August 6, 2010, with limited discovery continuing with the Court's permission until October 6, 2010. Hewitt served its supplemental Rule 26 disclosures on October 11, 2010.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires Rule 26(a) disclosures to be made at the outset of the litigation, based on the information then reasonably available. Under Rule 37(c), failure to provide a timely disclosure under Rule 26(f) precludes the party from using that information unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). A failure to disclose

required information in a timely manner is equivalent to a failure to disclose.  See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995).

Hewitt's production includes the following four categories of documents: (a) four letters exchanged between attorneys for Hewitt and attorneys for HBD; (b) the Release executed by Global and Hewitt in March 2008; (c) invoices of Hewitt's attorneys for the period of commencement of Global's claim against it to the date of settlement; and (d) Hewitt files relative to customer complaints in connection with other hoses Hewitt purchased from HBD.  According to Hewitt's supplemental disclosure index, all documents were generated by 2008 and most were generated by 2006.

Hewitt merely argues the supplemental disclosure is not harmful to HBD, but has not provided substantial justification for the untimely filing.  The documents in categories (a) and (b) are already part of the record in this case (Doc. No. 206-2 and Doc. No. 247, *SEALED*).  The invoices for legal services in category (c) are designated trial exhibits and need not be contained in a supplemental disclosure at this time.  Finally, the documents in category (d) are clearly prejudicial to HBD, as it is precluded from conducting discovery on the referenced customer complaints.

Hewitt's supplemental  Rule 26(f) disclosures were filed over four years after commencement of this action and after the final discovery deadline.  Based on the foregoing, HBD's Motion to Strike Hewitt's Supplemental Rule 26 Disclosures is **GRANTED**, and Hewitt's supplemental Rule 26 disclosures are hereby **STRICKEN**.

**IT IS SO ORDERED.**

Date:   12/17/10           **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge